IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AARON NATHANIEL HINES, #425693    *
           Petitioner,
      v.                *    CIVIL ACTION NO. JFM-17-104

WARDEN RICKY FOXWELL, et al.[1]    *
           Respondents.
                      *****

MEMORANDUM

Petitioner Aaron Nathaniel Hines ("Hines") seeks habeas corpus relief pursuant to 28 U.S.C. § 2254, attacking his 2011 convictions in the Circuit Court for Queen Anne's County.[2] ECF No. 1. Respondents' unopposed limited answer to the petition[3] remains pending. ECF Nos. 6 & 7. After review, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2014); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For reasons to follow the petition shall be dismissed as time-barred.

---

[1]    Hines asks that the name of respondent Warden be changed to reflect the correct name of the Warden at the Eastern Correctional Institution. ECF No. 4. The Clerk shall amend the docket to substitute the name of Ricky Foxwell as respondent Warden.

[2]    The petition was accompanied by a motion for leave to proceed in forma pauperis. Because Hines appears indigent, the $5.00 habeas corpus fee shall be waived by separate Order.

[3]    Hines was granted an additional twenty-eight days to file a reply to respondents' limited answer. ECF No. 3. No reply or traverse has been received.

### Background and Procedural History

On August 16, 2011, Hines pled guilty to conspiracy to possess narcotics with the intent to distribute and received an aggregate sentence of 20 years, with all but 18 months suspended. Hines did not seek leave to appeal this conviction. ECF No. 5-1. Therefore, his conviction became final for direct appeal purposes on September 15, 2011. *See* Md. Code. Ann., Cts. & Jud. Proc. § 12-302(e)(2) (review of a judgment following a guilty plea "shall be sought by application for leave to appeal"); Md. Rule 8-204 (application for leave to appeal must "be filed within 30 days after entry of the judgment or order from which the appeal is sought").

On November 28, 2011, Hines filed a counseled motion for modification of sentence. On December 22, 2011, the circuit court granted Hines's motion and amended his sentence to recommend home detention. On September 15, 2015, Hines filed a self-represented petition for post-conviction relief in the circuit court. On February 19, 2016, Hines filed a counseled petition for post-conviction relief. On April 4, 2016, Circuit Court Judge Paul M. Bowman denied post-conviction relief. Hines did not seek leave to appeal. ECF No. 5-1. Hines's 28 U.S.C. § 2254 petition was received for filing on January 12, 2017.[4]

### Statute of Limitations

Pursuant to Antiterrorism and Effective Death Penalty Act ("AEDPA"), when filing a federal habeas corpus petition pursuant to 28 U.S.C. § 2254, defendants convicted in state court

---

[4]     The Maryland Division of Correction does not date stamp outgoing prisoner mail "received by prison mailroom." The petition is dated December 30, 2016, and shall be deemed filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 270-76 (1988); *United States v. McNeill*, 523 Fed. Appx. 979, 983 (4th Cir. 2013; *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the Aprison  mailbox@ rule.)

on a non-capital offense are subject to a one-year statute of limitations. *See* 28 U.S.C. §2244(d).[5]

Hines's convictions became final for purposes of direct appeal on September 15, 2011. The one-year statute of limitation period ran unchecked for approximately forty-four months, from December 22, 2011, to September 15, 2015, during which there were no petitions for collateral review pending. This petition was plainly filed outside the statutory one-year limitations period.

---

[5]        This section provides:

    (1)     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

        (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)     the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

3

In his petition, Hines argues that he was ignorant of the one-year statute of limitations period and only became aware of errors when he reviewed his criminal case after his post-conviction petition. ECF No. 1, p. 5 at § 14.

It is true that under certain circumstances the AEDPA's statute of limitations may be subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010)*, e.g., Harris v. Hutchinson,* 209 F.3d 325, 328 (4th Cir. 2000); *United States v. Prescott,* 221 F.3d 686, 687-88 (4th Cir. 2000). The Fourth Circuit has consistently held that a party seeking to avail itself of equitable tolling must show that (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) prevented him from filing on time. *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Additionally, the movant must show that he employed reasonable diligence in investigating and bringing his claims. Further, to be entitled to equitable tolling a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010), citing *Pace v. DiGulielmo*, 544 U.S. 408, 418 (2005).

Respondents correctly observe that Hines's excuses do not prompt the equitable tolling of the one-year limitation period under the law. Legal inexperience is not a justification for equitable tolling. *See United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (stating that ignorance of the law is not a basis for equitable tolling); *Cross–Bey v. Gammon,* 322 F.3d 1012, 1215 (8th Cir. 2003) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.") (internal quotations omitted); *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000) (lack of notice of AEDPA amendments and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling). In this case, however, Hines has neither asserted, nor do the pleadings

4

suggest, any circumstances that justify equitable tolling.  Accordingly, the petition will be denied and dismissed with prejudice by separate Order.

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA   [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack,* 529 U.S. at 484.  Hines does not satisfy this standard, and the court declines to issue a certificate of appealability.


Date: March 30, 2017

J. Frederick Motz
United States District Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2017 MAR 30  AM 11: 49

CLERK'S OFFICE
AT BALTIMORE

BY_____
_____ DEPUTY